**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4411**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

STEPHEN T. CALLIS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:16-cr-00003-JAG-1)

Submitted: April 20, 2017                 Decided: April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Mark A. Yurachek, MARK ALLEN YURACHEK & ASSOCIATES, Falls Church, Virginia, for Appellant. Heather Hart Mansfield, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen T. Callis appeals his convictions and the 240-month sentence imposed after he pled guilty, pursuant to a plea agreement, to coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (2012); and sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(l) (2012). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious issues for appeal. Callis has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Callis' plea agreement. We affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Callis voluntarily and knowingly waived his right to appeal his convictions and any sentence imposed within the statutory maximum. Thus, we conclude that the waiver is valid and enforceable.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Callis' plea agreement did not waive:

2

(1) any sentencing challenges he may have if his sentence was in excess of the statutory maximum applicable to his crimes; or (2) ineffective assistance of counsel claims. Callis' sentence is below the statutory maximum applicable to his crimes. To the extent Callis suggests that counsel provided ineffective assistance, we conclude that ineffective assistance does not conclusively appear on the record and, thus, we decline to address this claim on direct appeal.[*] *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012).

Accordingly, we grant the Government's motion to dismiss the appeal, in part. We are charged under *Anders* with reviewing the record for unwaived error, and our review of the record in this case revealed no unwaived meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Callis, in writing, of his right to petition the Supreme Court of the United States for further review. If Callis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Callis. We dispense with oral argument because the facts and legal contentions

---

[*] Callis' ineffective assistance of counsel claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Callis' ineffective assistance of counsel claim.

3

are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*